IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>v.<br><br>SITA LOTOFHEA LEUSOGI,<br><br>  Defendant. | MEMORANDUM DECISION AND ORDER DENYING WITHOUT PREJUDICE DEFENDANT'S MOTION TO DISMISS INDICTMENT<br><br>Case No. 2:21-CR-32-TS<br><br>District Judge Ted Stewart |

This matter is before the Court on Defendant's Motion to Dismiss Indictment. For the reasons discussed below, the Court will deny the Motion without prejudice and will order the Attorney General to transport Defendant to a suitable facility for restoration proceedings no later than October 26, 2022.

I.  BACKGROUND

Defendant was charged with possession of methamphetamine with intent to distribute, possession of a firearm in furtherance of a drug trafficking crime, and possession of a firearm with an obliterated serial number. In July 2021, Defendant pleaded guilty to possession of methamphetamine with intent to distribute.

Prior to sentencing, defense counsel obtained a neuropsychological evaluation of Defendant, which revealed severe cognitive defects. As a result of this evaluation, counsel obtained a competency evaluation from Dr. Trent C. Holmberg, who concluded that Defendant was not competent. Counsel then filed a motion for a competency exam, which the Court granted. On April 29, 2022, the Court received a report from Cynthia A. Low, Ph.D. Dr. Low

similarly concluded that Defendant was not competent to enter a guilty plea. Dr. Low further recommended Defendant undergo restoration measures at a federal medical center.

Because of the questions surrounding Defendant's competency at the time of his change of plea, counsel requested that Defendant be permitted to withdraw his plea. The Court granted the Motion to Withdraw Plea and on June 1, 2022, the Court ordered "the defendant be committed to the custody of the U.S. Attorney General to hospitalize the defendant for treatment in a suitable facility for such a reasonable period of time, not to exceed four (4) months, as is necessary to determine whether there is a substantial probability that in the foreseeable future he will attain the capacity to permit the trial to proceed."[1]

On September 29, 2022, Defendant filed the instant Motion. The Motion indicated that, despite the Court's order that Defendant be transported and hospitalized for a term of four months, Defendant remained in county jail and there was no set date for his transfer. Defendant argues that this delay in transferring him violates the Insanity Defense Reform Act ("IDRA") and his Due Process rights. Defendant seeks dismissal or, alternatively, an order requiring Plaintiff be transferred to a suitable facility within seven days. The United States argues that dismissal is premature and that the Court should set a "reasonable date certain by which the Bureau of Prisons and U.S. Marshals must transport" Defendant for restoration proceedings.[2]

## II. DISCUSSION

The IDRA sets out the procedure courts must follow when a defendant's competency is called into question. "[I]f there is reasonable cause to believe that the defendant may presently be

---

[1] Docket No. 87, at 1.
[2] Docket No. 92, at 1.

suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense," the Court shall grant a motion to determine competency.[3] The Court may then order a psychiatric or psychological examination be conducted and then must hold a hearing.[4]

> If, after the hearing, the court finds by a preponderance of the evidence that the defendant is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense, the court shall commit the defendant to the custody of the Attorney General.[5]

This provision is mandatory and the Court is required to commit an incompetent defendant.[6]

However, the Supreme Court has made clear that a person charged "with a criminal offense who is committed solely on account of his incapacity to proceed to trial cannot be held more than the reasonable period of time necessary to determine whether there is a substantial probability that he will attain that capacity in the foreseeable future."[7] To this end, the IDRA provides for commitment "for such a reasonable period of time, not to exceed four months, as is necessary to determine whether there is a substantial probability that in the foreseeable future he will attain the capacity to permit the proceedings to go forward."[8] The legislative history of

---

[3] 18 U.S.C. § 4241(a).

[4] *Id.* § 4241(b), (c).

[5] *Id.* § 4241(d).

[6] *United States v. Anderson*, 679 F. App'x 711, 712–13 (10th Cir. 2017).

[7] *Jackson v. Indiana*, 406 U.S. 715, 738 (1972).

[8] 18 U.S.C. § 4241(d)(1).

§ 4241(d) reveals that Congress considered four months to be a "reasonable period" for hospitalization to evaluate a defendant.[9]

Courts have not reached a consensus as to what is included in this four-month window. Some courts have concluded that the IDRA's four-month period is "a firm, absolute deadline" and does not allow for extensions resulting from delay in transportation.[10] Other courts have concluded that the four-month statutory cap under § 4241(d) begins only once the defendant is admitted to a facility for treatment and diagnosis.[11] Thus, pre-hospitalization delays would not count toward that time period. However, these cases did not involve lengthy periods of delay prior to the defendants' transfers.[12] And a number of courts have recognized that even if the IDRA "does not limit the time that a defendant can be held while awaiting transfer to a hospital, extended custody for this purpose may violate due process."[13]

In a recent published case, the Ninth Circuit declined to "decide whether the statute allows some amount of pre-hospitalization confinement" because the delay there fell "outside

---

[9] *See* S. Rep. No. 98-225, at 236 (1983).

[10] *United States v. Carter*, 583 F. Supp. 3d 94, 100 (D. D.C. 2022).

[11] *See United States v. Villegas*, 589 F. App'x 372, 373 (9th Cir. 2015); *United States v. Magassouba*, 544 F.3d 387, 410 (2d Cir. 2008); *see also United States v. Jones*, CR 19-27-BU-DLC, 2020 WL 7127321, at *2 (D. Mont. Dec. 4, 2020) ("By its plain terms, the 'reasonable period of time, not to exceed four months' does not begin to run until the defendant is hospitalized."); *United States v. Carter*, No. 17-CR-190, 2019 WL 9410160, at *1 (E.D. Wisc. Oct. 16, 2019) ("Under the plain language of § 4241(d)(1), the authorized four-month period begins on the date of hospitalization, not on the date of the order of commitment.").

[12] *Villegas*, 5889 F. App'x at 373 ("Villegas was held three or four days in excess of the four-month period authorized by § 4241(d)."); *Magassouba*, 544 F.3d at 419 (finding that an addition three-week period of detention did not violate due process).

[13] *Carter*, 2019 WL 9410160, at *1 (citing *United States v. Zapata-Herrera*, No. 14-cr-3639-GPC, 2015 WL 4878319, at *2–3 (S.D. Cal. Aug. 14, 2015); *United States v. Smith*, 764 F. Supp. 2d 541, 543–45 (W.D.N.Y. 2011)).

any constitutional reading of the statute."[14] In that case, as here, the defendant was not timely transported and remained in custody months after the commitment order.[15] The court concluded that even if the statute "allowed a brief period of pre-hospitalization commitment reasonably limited to allow the Attorney General to identify a suitable facility and arrange for the defendant's transportation to that facility, the government's delay cannot exceed four months."[16] While the Ninth Circuit concluded that the statute had been violated, the court found that dismissal was not proper. Considering "the interests of the parties and the relevant statutory scheme,"[17] the court found the more appropriate remedy was to instruct "the Attorney General to hospitalize [the defendant] within seven days."[18]

Like the Ninth Circuit, the Court need not determine the precise scope of the IDRA because dismissal is not appropriate at this time. Dismissal of an indictment is an extraordinary remedy, which the Supreme Court has characterized as "drastic,"[19] and the Tenth Circuit has described as "draconian."[20] While the Attorney General's failure to comply with the demands of the IDRA is lamentable, it does not "amount[] to the kind of flagrant misconduct warranting dismissal."[21] Instead, the Court will order the Attorney General to place Defendant in a suitable

---

[14] *United States v. Donnelly*, 41 F.4th 1102, 1105 (9th Cir. 2022).

[15] *Id.* at 1103–04.

[16] *Id.* at 1107.

[17] *Id.*

[18] *Id.* at 1108.

[19] *United States v. Morrison*, 449 U.S. 361, 366–67 (1981).

[20] *United States v. Gonzalez*, 248 F.3d 1201, 1205 (10th Cir. 2001).

[21] *Donnelly*, 41 F.4th at 1107.

facility within seven days of this Order. If the Attorney General fails to comply with that Order, "dismissal may become appropriate."[22]

### III. CONCLUSION

It is therefore

ORDERED that Defendant's Motion to Dismiss (Docket No. 89) is DENIED WITHOUT PREJUDICE. It is further

ORDERED that the Attorney General, by way of the Bureau of Prisons and the U.S. Marshal, must transport Defendant to a suitable facility for restoration proceedings no later than October 26, 2022. Failure to do so will likely result in dismissal.

The hearing set for October 20, 2022, is VACATED.

DATED this 19th day of October, 2022.

BY THE COURT:

Ted Stewart
United States District Judge

---

[22] *Id.*